EVA C. COMPHER, Plaintiff, v. MISSOURI & KANSAS TELEPHONE COMPANY, Respondent; C. W. PRINCE, Appellant.

Kansas City Court of Appeals, May 17, 1909.

ATTORNEY AND CLIENT: Lien: Notice: Agency. Plaintiff hired appellant to prosecute a suit for her for one-half of the recovery. He employed B, another attorney to aid him. Appellant served notice on the defendant of his contract, and likewise on the clerk of the circuit court, setting up the amount of his claim. The defendant paid the money to the clerk after notifying appellant that it would so do. B. appeared before appellant and the clerk turned the check over to him. B. refused to surrender it to appellant. Thereupon appellant filed a motion to set aside the satisfaction of the judgment, and for execution for his part of his fee. *Held*:

(1) Appellant consented to the payment of the judgment to the clerk which defendant did and was thereby released.

(2) B. was appellant's agent as to their mutual interest in the fee and payment to B. was binding on appellant.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn*, Judge.

AFFIRMED.

*Laughlin & Kenworthy* for appellant.

(1) Payment of the judgment to the clerk did not satisfy the judgment. 7 Cyc. 224; Seymour v. Haines, 104 Ill. 562; Deirant v. Gabby, 2 Metc. (Ky.) 91; Chinn v. Mitchell, 2 Metc. (Ky.) 192; Henry v. Benlisa, 37 Fla. 609, 620; Matusevitz v. Hughes, 26 Mont. 218; Lewis v. Cockrell, 31 Mo. App. 476; Lewis v. Kean, 102 Mich. 605; Baker v. Hunt, 1 Wend. 103; Milburn-Stoddard Co. v. Stickney, 14 N. D. 282; Tompkins v. Woodford, 1 Pa. St. 156; Baer v. Kistler, 4 Rawle 364; Mazyck v. McEwen, 2 Bailey (S. C.) 28; Whitesboro v. Diamond (Tex.), 75 S. W. 540; Hays v. Boyer, 59 Ind. 341; Railway v. Walker, 93 Tex. 611. (2) The lien of Prince on the judgment was personal to him and could not be satisfied by his associate counsel without his authority. Jackson v. Clopton, 66 Ala. 29; People v. Pack, 115 Mich. 669; Heavenrich v. Kelley, 111 Mich. 163; Smith v. Goode, 29 Ga. 185. (3) The remedy given an attorney by our law against a defendant who has paid a judgment except his fees, is by motion for execution upon the judgment *pro tanto*. Young v. Renshaw, 102 Mo. App. 173; Curtis v. Railway, 118 Mo. App. 341; Wait v. Railway, 204 Mo. 491.

*George M. Sebree* and *Gleed, Hunt, Palmer & Gleed* for respondent.

(1) Appellant was entitled to one-half of the judgment recovered. He employed Boyle, Guthrie & Smith to help him collect the judgment. This employment carried with it authority to receive payment of the judgment. Since Boyle, Guthrie & Smith had this authority from appellant, appellant cannot now object because the judgment was paid to Boyle, Guthrie & Smith. R. S. 1899, sec. 3731, 3 Am. and Eng. Enc. of Law, 365, note. (2) Appellant authorized the clerk to receive this money and directed the clerk to hold the money for him. He urged respondent to pay the money when he

knew that respondent was intending to pay it to the clerk for him; and after the money 'had been paid to the clerk and by him in turn paid to Boyle, Guthrie & Smith, he ratified the transaction by endeavoring to recover it from Boyle, Guthrie & Smith. The clerk was therefore appellant's agent, and payment to the clerk was payment to appellant. Berrel v. Davis, 47 Mo. 407; Simon v. Brown, 38 Mich. 552; Quinn v. Dresbach, 75 Cal. 159. (3) Appellant by all of his actions induced respondent to pay the money to the clerk. He is therefore estopped to deny that the clerk was his agent. Hirst v. Whitney, 47 Ga. 366. (4) The attorneys' lien law is not designed to protect one co-counsel agent payment of judgment to another co-counsel. · In the case of such payment the lien follows the fund into the hands of the co-counsel, and the remedy of counsel claiming a lien is an order on the counsel to whom the money was paid to show cause why the money should not be paid over to him. Smith v. Goode, 29 Ga. 185.

ELLISON, J.—The plaintiff in this action recovered a judgment against defendant for personal injuries. She employed C. W. Prince as her lawyer in that case and agreed in writing to allow him as his fee one-half of what she recovered. She empowered him to take every step necessary to her protection and benefit. He employed the firm of Boyle, Guthrie & Smith to aid him in prosecuting the action and agreed to pay them one-half the sum he was to get. A judgment of $4,500 was obtained and that was affirmed by this court, and on the · 20th of January, 1908, a mandate from this court was filed with the clerk of the trial court. Before the mandate was filed, to-wit: on the 4th of December, 1907, Prince notified defendant of his employment and of his contingent fee and of Boyle, Guthrie & Smith's employment by him and an agreement for division of the fee. The notice closed in these words: "You will kindly

observe my seniority in the aforesaid litigation and I respectfully request that you act accordingly."

Prince also notified the clerk of the trial court of his contract with plaintiff and of Boyle, Guthrie & Smith's interest. The notice stated that the defendant was "about to pay into your (the clerk's) hands the sum of about $4,800 and I respectfully request that my share of said amount, to-wit: twenty-five per cent of the whole, or about $1200, be retained by you until personal request for same is made by me."

On the 30th of January, 1908, defendant's attorney wrote to Prince notifying him that on next day at ten o'clock he would pay the amount of the judgment to the clerk. It was not paid at ten, but was paid about two o'clock, of which time Prince was notified. It was then paid by check to the clerk, who endorsed it over to Boyle, Guthrie & Smith as attorneys for the plaintiff. Prince arrived just after this and before Guthrie, who personally attended to the matter, had left the room. Prince demanded of Guthrie that he turn the check over to him and that Guthrie refused. Prince then telephoned defendant's attorney and asked him to stop payment of the check. The attorney said he had paid the money to the clerk and disclaimed all further connection.

Prince afterwards instituted the present proceeding by filing a motion to set aside the satisfaction of judgment *pro tanto,* and for execution for his part of the fee. The trial court overruled the motion.

There are two good reasons for sustaining the action of the trial court in overruling the motion of Prince for execution for his part of the fee. One is that the case shows that with the knowledge and consent of Prince payment of the judgment was to be made to the clerk of the trial court, and it was so made. He accepted that mode of payment and notified the clerk that the judgment would be paid to him. The entire difficulty has arisen since the payment thus made.

The other reason is that the case shows Boyle, Guthrie & Smith to have been his agents with agreement as to mutual interest in the fees, and a payment to them is binding on him. [Thompson v. Railroad, 113 S. W. 1142; 134 Mo. App. 591.]

The whole trouble arises between him and his agents and there is neither justice nor law in attempting to make defendant responsible for it. The judgment is affirmed. All concur.